# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RUIBIN ZHANG,
(A Number: 201-506-057),

                              Petitioner,

        v.

CHRISTOPHER CHESTNUT,

                              Respondent.

Case No.  1:26-cv-04182-JLT-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO SUMMARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

(Doc. 1)

Petitioner Ruibin Zhang is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner challenges his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE").  Petitioner claims that they should be immediately released because they have been detained for longer than the six-month presumptively reasonable period of detention, and there is good reason to believe their removal is not significantly likely to occur in the reasonably foreseeable future, etc.

The Court hereby takes judicial notice of *Zhang v. Warden of the California Detention Facility, et al.*, No. 1:26-cv-03318-JLT-EGC.[1]  In that petition, Petitioner claimed he has been continuously detained since January 28, 2026, and his detention has become unreasonably prolonged in violation of his due process rights. They claimed they should be released because removal was not likely in the reasonably foreseeable future, etc.  That petition remains pending. On June 1, 2026, Petitioner refiled the petition and commenced the instant case.  (Doc. 1.)  The

---

[1] *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records).

claims presented here are the same claims pending in the prior case. Other than the passage of number days' time, nothing has changed. Rule 9(b) of the Fed. Rules Governing § 2254 Cases[2] provides:

> "[a] second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."

The previously filed petition is pending a merits decision, and Petitioner fails to establish any new or different grounds for relief. The undersigned finds that the subsequent petition is entirely duplicative of Petitioner's first petition that remains pending. Thus, the Court finds the instant petition to be an abuse of the writ.

Accordingly, the Court will recommend summarily dismissing the petition for the same reasons stated in the prior denial and as an abuse of the writ.

## RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS the petition for writ of habeas corpus, (Doc. 1), be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these

---

[2] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **July 10, 2026**                    _____
                                               UNITED STATES MAGISTRATE JUDGE

3